UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JUDGE BUCHWALD**

------------------------------------------------------

JAY-VEE, INC.,

       Plaintiff,         :

          v.         :

ANNE WITTEMAN, FREEK OLGERS,
PIETER DE VRIES, AND        :
JASPER PALSTRA, doing business as
THE VERBS,         :
ROBBIE ADAMS, LESLEY BOYLE
CHARLIE MARR AND MARTIN BLACK,  :
doing business as THE VERBS, and
ANNE WITTEMAN, FREEK OLGERS,  :
PIETER DE VRIES, JASPER PALSTRA,
ROBBIE ADAMS, LESLEY BOYLE   :
CHARLIE MARR and
MARTIN BLACK, individually,

       Defendants.       :

------------------------------------------------------X

**2007 Civ.**



## COMPLAINT FOR TRADEMARK INFRINGEMENT
## AND UNFAIR COMPETITION

Plaintiff, Jay-Vee, Inc., d.b.a. The Verbs, brings this action against the

named Defendants for injunctive relief and damages under the laws of the United

States and the State of New York and alleges as its Complaint:

### PARTIES

1.     Plaintiff Jay-Vee, Inc. (hereinafter "The Verbs") is a corporation

duly organized and existing under the laws of the State of New York having a

place of business at c/o ML Management 125 West 55th Street, New York, New

York 10019.  The Verbs operates under the trademark THE VERBS, providing

1

musical entertainment services in connection with live performances and is in the business of recording performances which are sold as compact discussion regarding musical recordings.

2.    Upon information and belief, Defendants Robbie Adams, Lesley Boyle, Charlie Marr and Martin Black are individuals based in the United Kingdom (The "UK Defendants") and are doing business and/or committing acts of infringement in violation of the trademark rights of plaintiff The Verbs within the State of New York and nationwide.  The UK Defendants are doing business as "The Verbs".

3.    Upon information and belief, Defendants, Freek Olgers, Pieter De Vries and Jasper Palstra are individuals based in the Netherlands (The "Netherlands Defendants") and are doing business and committing acts of infringement in violation of the trademark rights of plaintiff The Verbs within the State of New York and nationwide. The Netherlands Defendants are doing business as "The Verbs".

**JURISDICTION**

4.    This Court has jurisdiction over this action by virtue of:

(a)    Jurisdiction founded on the existence of a federal question arising under the Lanham Trademark Act.

(b)    The Court has jurisdiction under Sections 43(a) of the Federal Trademark Act of 1946, 15 U.S.C. 1121 and 1125(a), and the Judicial Code, 28 U.S.C. 1331(a), 1332 and 1338(a) in that this case arises under the trademark laws

of the United States, 15 U.S.C. 1051 et seq., as hereinafter more fully appears; and
the common law.

(c)    The Court has jurisdiction over the common law claims and
claims herein arising under the statutes and common law of the State of New York
under the provisions of 28 U.S.C. 1338(b) in that said claims are joined with a
substantial and related claim under the trademark laws of the United States, 15
U.S.C. 1051 et seq.

(d)    Venue is proper under 28 U.S.C. 1391.

## FACTS COMMON TO ALL COUNTS

5.    Plaintiff conducts a business in which it records and markets musical
performances and gives live performances of musical works.  Plaintiff conducts its
business under the trade name, trademark and service mark THE VERBS
(the"Trademark").

6.    Plaintiff is the owner of rights in the trademark The Verbs as used in
association with musical recordings and live musical performances and related
goods and services.

7.    The Verbs two principal performers are Steve Jordan and Meagan
Voss, who, in addition to recording as "The Verbs," are well-known performers.
Mr. Jordan, a Grammy winning producer, who has recently toured with Eric
Clapton, has recorded with Bruce Springsteen, and has corroborated with Keith
Richards in songwriting, production and performance.  He was also a member of

3

the original Saturday Night Live band and founded the David Letterman band with Paul Schaffer.

8.    Plaintiff The Verbs owns and has used the trademark THE VERBS in connection with sound recordings under the JVC Victor label, and is the assignee of two trademark applications to register that mark in the United States Patent and Trademark Office both for sound recordings and live performances.

9.    Plaintiff's use of the trademark "The Verbs" began at least as early as 2002, and use since the date has been continuous.  Plaintiff has expended considerable sums of money in promoting its business under the trademark THE VERBS.

10.    Plaintiff has caused the release of a first album under the JVC label and is a second CD release.

11.    By virtue of years of continuous and exclusive use together with Plaintiff's expenditures on advertising and promotion, Plaintiff's The  Verbs mark has come to symbolize extensive goodwill identifying Plaintiff.

12.    Upon Plaintiff becoming aware that individual Defendants were performing or purporting to perform as a musical group under the infringing The Verbs trademark, Plaintiff sent a cease and desist letter to the individual Defendants advising of Plaintiff's rights in the mark The Verbs and demanding that Defendants cease all use of the infringing designation The Verbs.

13.     The individual Defendants continue to infringe upon the mark The Verbs which use is confusingly similar and identical to Plaintiff's trademark usage.

14.     Upon information and belief, the UK Defendants and the Netherlands Defendants (hereinafter referred to jointly as the "Individual Defendants") have maliciously, willfully, intentionally, and with conscious disregard for the consequences, engaged in advertising, marketing and sales of performance services and recordings under the infringing designation "The Verbs".

15.     Plaintiff, prior to the acts complained of herein, has been and is now engaged in interstate commerce by virtue of ongoing sales of recordings and performances under the trademark THE VERBS.

16.     Plaintiff's compact disc recordings, sold under the trademark THE VERBS have been sold and continue to be sold throughout the United States and internationally.  Plaintiff derives substantial benefits from selling its recordings and from live performances under Plaintiff's exclusive Trademark.

17.     Plaintiff has used and continues to use its distinctive Trademark and, by virtue of widespread sales, the Trademark has come to indicate origin with Plaintiff.  Plaintiff, by virtue of said use, and through Plaintiff's business, has obtained a reputation of the highest quality.

18.     Plaintiff has incurred substantial expense and has devoted substantial resources to make THE VERBS compact disc recordings and live entertainment services recognizable to consumers.

19.     Upon information and belief, after Plaintiff's adoption and use of the Trademark, and without any authorization, the Individual Defendants, with actual and constructive knowledge of Plaintiff's use of the Trademark and in contravention of Plaintiff's trademark rights, adopted and used Plaintiff's distinctive mark on the Individual Defendants' services and on the Individual Defendants' products.  The Individual Defendants are offering, and/or, upon information and belief, have distributed and/or continue to distribute in interstate commerce and in New York State goods and/or services to the public under the infringing trademark, for the Individual Defendants' own commercial advantage.

20.     Defendants have used and continue to use the infringing trademark in direct competition with Plaintiff.  Defendants have used and continue to infringe upon the Trademark in connection with sales, offering for sale and/or distribution, advertising and promotion of goods bearing marks identical and/or substantially similar to Plaintiff's, in a manner that is likely to cause confusion or mistake or to deceive purchasers as to the source of origin of such services and goods.

21.     Defendants have deliberately misled and will continue to mislead consumers, and prospective consumers, as well as the public at large, to believe, contrary to fact, that Defendants' services/goods are marketed, sponsored or

endorsed by, or affiliated with Plaintiff. Defendants are unfairly competing with Plaintiff by trading on and disparaging Plaintiff's goodwill symbolized by its Trademark.

22.    Defendants' acts are a false description and representation that said services/goods are made by, sponsored by and/or affiliated with Plaintiff. Said acts are in violation of the unfair competition law in that Defendants have used, in connection with services/goods, a false designation of origin and a false description and representation, including words, reproductions and other symbols tending to falsely describe or represent the same and have caused such services/goods to enter into interstate commerce.

23.    As a direct and proximate result of these acts of unfair competition, trademark infringement and false designation of origin, Plaintiff has sustained and will continue to sustain irreparable damage and injury to its business, goodwill, reputation and profits, in an amount not presently known. Plaintiff is entitled to judgment for Defendants' profits and any damages sustained by Plaintiff in consequence of the deliberate nature of the infringement by Defendants in an amount equaling three times said damages.

24.    By reason of the acts of Defendants herein alleged, Plaintiff has been damaged and, unless restrained, Defendants have and will continue to deceive the public, impair the value of Plaintiff's services and otherwise will cause Plaintiff immediate and irreparable harm.

7

## COUNT FOUR -- FEDERAL UNFAIR COMPETITION

25.    As a cause of action and ground for relief, Plaintiff alleges and incorporates by reference paragraphs 1 through 24 of this Complaint as a part of this Count.

26.    Without Plaintiff's consent, Defendants willfully misappropriated Plaintiff's Trademark and have displayed and continue to display and otherwise use said Trademark in connection with Defendants' businesses.

27.    In so doing, Defendants are deceiving the public and deliberately capitalizing on the goodwill and reputation of Plaintiff.

28.    The aforesaid acts of Defendants constitute dilution, unfair competition and passing off, and are likely to cause the trade and the public to erroneously believe that the Individual Defendants' products and services are manufactured and/or guaranteed by Plaintiff, or otherwise associate with Plaintiff. Said acts are in violation of 15 U.S.C. 1125 (a) in that Defendants have used, in connection with goods and services, a false designation of origin and a false description and representation, including words, reproductions and other symbols tending falsely to describe or represent the same and have caused such goods/services to enter into interstate commerce.

29.    Such acts have injured and continue to injure Plaintiff's business reputation and dilute or otherwise injure or destroy the distinctive character of Plaintiff's Trademark and the quality of Plaintiff's reputation associated with its

Trademark, all to Plaintiff's substantial and irreparable harm. As a result, Plaintiff is entitled to relief from this court under 15 U.S.C. 1126(h) and (i).

30.    As a result of Defendants' willful, fraudulent and malicious acts, Plaintiff has suffered damage and Defendants have been unjustly enriched in an amount which is uncertain at present. Plaintiff is entitled to judgment for Defendants' profits and any damages sustained by Plaintiff in consequence of the infringement by Defendants in an amount equaling three times said damages.

31.    By reason of the acts of Defendants alleged herein, Plaintiff has been damaged and, unless restrained, Defendants have and will continue to confuse and deceive the public, impair the value of Plaintiff's Trademark and otherwise cause Plaintiff immediate and irreparable harm.

32.    Defendants are liable to Plaintiff, jointly and severally, for violation of 15 U.S.C. 1125(a).

## COUNT TWO -- DILUTION UNDER 15 U.S.C. §1125

33.    As a cause of action and ground for relief, Plaintiff alleges and incorporates by reference paragraphs 1 through 32 of this Complaint as a part of this Count.

34.    Defendants have created a likelihood of injury to the business reputation and has diluted the distinctive quality of the Trademark, and thus dilutes Plaintiff's rights to exclusive use of the Trademark.

35.    The foregoing acts of Defendants by diluting the distinctive quality of Plaintiff's use of the Trademark, have destroyed and will continue to destroy Plaintiff's goodwill and reputation, thereby causing Plaintiff irreparable harm.

36.    As a result of the foregoing acts, Plaintiff has suffered substantial damages and Defendants have acquired substantial profits at Plaintiff's expense.

37.    Defendants' acts of dilution will continue unless enjoined by this Court.

38.    Defendants are liable to Plaintiff, jointly and severally, for dilution in violation of 15 U.S.C. 1125(c).

## COUNT THREE -- STATE UNFAIR COMPETITION

39.    As a cause of action and ground for relief, Plaintiff alleges and incorporates by reference paragraphs 1 through 38 of this Complaint as a part of this Count.

40.    Defendants are liable to Plaintiff, jointly and severally, for unfair competition under the common law and the statutes of the State of New York relating to unfair competition, passing off, dilution and trademark infringement.

## PRAYER FOR RELIEF FOR ALL COUNTS

WHEREFORE, Plaintiff prays:

1.    For a preliminary and final injunction restraining Defendants, their agents, servants, employees, successors, assigns and those in privity and/or concert

with them or any of them from using Plaintiff's Trademark or any other designations closely similar thereto;

2.    For an order requiring Defendants to recall from its distributors, wholesalers, retailers and customers any product, Internet advertising, website, advertisement, promotional literature or other materials bearing any reproduction, counterfeit, copy or colorable imitation thereof.

3.    Defendants be required to account to Plaintiff for any and all profits derived by Defendants from the sale of its goods and for all damages sustained by Plaintiff by reason of said acts of trademark infringement and unfair competition complained of herein.

4.    For a judgment according to the circumstances of the case, for such sum above the amount found in actual damages, but not to exceed three times such amount as the Court may deem just.

5.    For an order requiring that all products, documents, materials, labels, signs, products, packages, wrappings, receptacles and advertisements in Defendants' possession or control bearing the trademark, or any derivatives thereof, or any reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same shall be delivered up and destroyed.

6.    This Court grant and enter a judgment that the above referenced trademark rights are good and valid at law and owned by Plaintiff and infringed by Defendants and that Defendants and all persons acting in concert with them or any

of them be enjoined from performing under the infringing designation and from all use of plaintiff's trademark THE VERBS and from making and using and otherwise infringing upon the trademark of Plaintiff in connection with compact disc recordings and other products.

7.    Reasonable attorney's fees.

8.    Costs of suit and such other relief as may be just.

Respectfully submitted,

JAY-VEE, INC.

Dated:  July 26, 2007                    By: _____

Anthony H. Handal, Esq.
Brown Rudnick Berlack Israels LLP
Seven Times Square
New York, New York 10036
Telephone: 212 209-4800

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Jay-Vee, Inc.

hereby demands a jury trial of any issues in this action so triable.

Brown Rudnick Berlack Israels LLP


Dated:  July 26, 2007                    By: _____
                                             Anthony H. Handal, Esq.
                                             Brown Rudnick Berlack Israels LLP
                                             Seven Times Square
                                             New York, New York 10036
                                             Telephone: 212 209-4800


# 8161992 v1 - HANDALAH - 025725/0003

13