UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAY-VEE, INC.,  :
      Plaintiff,  :
      v.  :   Docket No.: 07 Civ. 6954 (NRB) (DCF)

ANNE WITTEMAN, FREEK OLGERS,  :
PIETER DE VRIES, AND
JASPER PALSTRA, doing business as  :
THE VERBS,
ROBBIE ADAMS, LESLEY BOYLE  :
CHARLIE MARR AND MARTIN BLACK,
doing business as THE VERBS, and  :
ANNE WITTEMAN, FREEK OLGERS,
PIETER DE VRIES, JASPER PALSTRA,  :
ROBBIE ADAMS, LESLEY BOYLE
CHARLIE MARR and  :
MARTIN BLACK, individually,

      Defendants.  :
------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF THE MOTION
FOR SUBSTITUTED SERVICE ON DEFENDANTS**

Plaintiff Jay-Vee, Inc. ("Jay-Vee") moves this Court for an order pursuant to Federal Rules of Civil Procedure Rule 4(f)(3) (i) permitting it to serve the summons and complaint on defendants Anne Witteman, Freek Olgers, Pieter De Vries, and Jasper Palstra, both individually and in their capacity doing business as The Verbs, by means of electronic mail at the address provided on The Verbs' MySpace website, http://www.myspace.com/theverbkeeponswinging; and (ii) permitting it to serve the summons and complaint on defendants Robbie Adams, Lesley Boyle, Charlie Marr and Martin Black, both individually and in their capacity doing business as The Verbs, by means of electronic mail at the address provided on The Verbs' MySpace website, http://www.myspace.com/theverbsfife.

As alleged in the complaint in this matter, the defendants are infringing the rights of the plaintiff on account of their use of the trademark THE VERBS in connection with the furnishing of musical entertainment services. Such services are being offered through two websites, both of which websites are connected with electronic mail accounts which website viewers are invited to use to contact the defendants to engage the defendants to provide the entertainment services of defendants. The two websites offer the services of defendants and are prominently marked with infringing uses of plaintiff's trademark THE VERBS.

Promptly after filing of the complaint, counsel for Jay-Vee retained the services of a private investigation company, American Trademark Investigations, Inc. ("ATI"), to locate the defendants for service of process. (Handal Decl., ¶ 5)[1]. ATI was able to find only an address for defendant Freek Olgers. (Handal Decl., Exs. B, D). Jay-Vee will attempt service of a copy of the summons and complaint on Mr. Olgers at the address found for him, namely Obrechstraat 163, 2517VS>S-Gravenhage, Netherlands. ATI was unable to find residential or business

---

[1] References to the Declaration of Anthony H. Handal, dated September [date], 2007, and submitted in connection with Plaintiff's memorandum of law shall be as follows: ("Handal Decl., Ex. ___" or "Handal Decl., ¶ ___").

addresses for any of the remaining defendants, Anne Witteman, Pieter De Vries, Jasper Palstra, Robbie Adams, Lesley Boyle, Charlie Marr and Martin Black or addresses for each of the two bands, both entitled "The Verbs." (Handal Decl., Exs. C, D).

Federal Rules of Civil Procedure Rule 4(f)(3) authorizes service on defendants "by other means not prohibited by international agreement as may be directed by the court." In addition, N.Y. C.P.L.R. § 308(5) expressly provides that "Personal service upon a natural person shall be made . . . in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section." Defendants are infringing on plaintiff's trademark through their MySpace websites.

Service of process by electronic mail has been authorized by this Court before where defendants operate an online business but cannot be reached through conventional methods. *See, e.g., Philip Morris USA Inc. v. Veles Ltd.*, No. 06CV2988 (GBD), 2007 U.S. Dist. LEXIS 19780, at * 2- * 10 (S.D.N.Y. Mar. 13, 2007) (permitting service of process by fax and electronic mail where defendants failed to provide physical contact addresses on their website); *see also D.R.I. Inc. v. Dennis*, No. 03 civ 10026, 2004 U.S. Dist. LEXIS 22541 (S.D.N.Y. June 3, 2004).

Both MySpace websites provide that the band, and thus its members, may be reached by sending an electronic mail through a link provided on the website. (Handal Decl., ¶ 9-10). The websites do not list physical addresses. Since Jay-Vee and ATI have been unable to locate physical addresses for each of the defendants, with the exception of Freek Olgers, in this case service by means of electronic mail through the website MySpace.com is the only known way to serve the defendants and thus is the most likely form of service to provide actual notice to the defendants. (Handal Decl., ¶ 9-11).

## **CONCLUSION**

For all of the foregoing reasons, it is respectfully requested that this Court grant the plaintiff the relief requested herein.

Dated: New York, New York
September 18, 2007

                                               Brown Rudnick Berlack Israels LLP

                               By: _____
                                     Anthony H. Handal, Esq.
                                     Brown Rudnick Berlack Israels LLP
                                     Seven Times Square
                                     New York, New York 10036
                                     Telephone: 212 209-4800
                                     Facsimile: 212 209-4801

                                     Attorneys for Plaintiff