# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JAY-VEE, INC.,                                          :
                                                        :
    Plaintiff,                      :
                                                        :
    v.                              :    Docket No.: 07 Civ. 6954 (NRB) (DCF)
                                                        :
ANNE WITTEMAN, FREEK OLGERS,                            :
PIETER DE VRIES, AND                                    :
JASPER PALSTRA, doing business as                       :
THE VERBS,                                              :
ROBBIE ADAMS, LESLEY BOYLE                              :
CHARLIE MARR AND MARTIN BLACK,                          :    **NOTICE OF MOTION**
doing business as THE VERBS, and                        :    **FOR SUBSTITUTED SERVICE**
ANNE WITTEMAN, FREEK OLGERS,                            :
PIETER DE VRIES, JASPER PALSTRA,                        :
ROBBIE ADAMS, LESLEY BOYLE                              :
CHARLIE MARR and                                        :
MARTIN BLACK, individually,                             :
                                                        :
    Defendants.                     :
----------------------------------------------------------X

   **PLEASE TAKE NOTICE,** that upon the annexed declaration of Anthony H. Handal, together with the relevant exhibits, and the accompanying memorandum of law in support of the motion for substituted service brought by Plaintiff Jay-Vee, Inc. ("Jay-Vee"), Plaintiff will move this Court before The Honorable Naomi R. Buchwald, United States District Judge for the Southern District of New York, in Room 21A of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007, for an order pursuant to Federal Rules of Civil Procedure 4(f)(3) permitting substituted service on defendants.

   **PLEASE TAKE FURTHER NOTICE** that a proposed form of Order has been emailed to the Order and Judgments clerk, which Plaintiff respectfully requests be entered by this Court.

Dated: New York, New York
       September 18, 2007

                              Brown Rudnick Berlack Israels LLP

                              By:_____
                                    Anthony H. Handal, Esq.
                                    Brown Rudnick Berlack Israels LLP
                                    Seven Times Square
                                    New York, New York 10036
                                    Telephone: 212 209-4800
                                    Facsimile: 212 209-4801

                                    Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

JAY-VEE, INC.,

      Plaintiff,

        v.                                        Docket No.: 07 Civ. 6954 (NRB) (DCF)

ANNE WITTEMAN, FREEK OLGERS,
PIETER DE VRIES, AND
JASPER PALSTRA, doing business as
THE VERBS,
ROBBIE ADAMS, LESLEY BOYLE
CHARLIE MARR AND MARTIN BLACK,
doing business as THE VERBS, and
ANNE WITTEMAN, FREEK OLGERS,
PIETER DE VRIES, JASPER PALSTRA,
ROBBIE ADAMS, LESLEY BOYLE
CHARLIE MARR and
MARTIN BLACK, individually,

      Defendants.

--------------------------------------------------------------X


# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF THE MOTION FOR SUBSTITUTED SERVICE ON DEFENDANTS

Plaintiff Jay-Vee, Inc. ("Jay-Vee") moves this Court for an order pursuant to Federal Rules of Civil Procedure Rule 4(f)(3) (i) permitting it to serve the summons and complaint on defendants Anne Witteman, Freek Olgers, Pieter De Vries, and Jasper Palstra, both individually and in their capacity doing business as The Verbs, by means of electronic mail at the address provided on The Verbs' MySpace website, http://www.myspace.com/theverbkeeponswinging; and (ii) permitting it to serve the summons and complaint on defendants Robbie Adams, Lesley Boyle, Charlie Marr and Martin Black, both individually and in their capacity doing business as The Verbs, by means of electronic mail at the address provided on The Verbs' MySpace website, http://www.myspace.com/theverbsfife.

As alleged in the complaint in this matter, the defendants are infringing the rights of the plaintiff on account of their use of the trademark THE VERBS in connection with the furnishing of musical entertainment services. Such services are being offered through two websites, both of which websites are connected with electronic mail accounts which website viewers are invited to use to contact the defendants to engage the defendants to provide the entertainment services of defendants. The two websites offer the services of defendants and are prominently marked with infringing uses of plaintiff's trademark THE VERBS.

Promptly after filing of the complaint, counsel for Jay-Vee retained the services of a private investigation company, American Trademark Investigations, Inc. ("ATI"), to locate the defendants for service of process. (Handal Decl., ¶ 5)[1]. ATI was able to find only an address for defendant Freek Olgers. (Handal Decl., Exs. B, D). Jay-Vee will attempt service of a copy of the summons and complaint on Mr. Olgers at the address found for him, namely Obrechstraat 163, 2517VS>S-Gravenhage, Netherlands. ATI was unable to find residential or business

---

[1] References to the Declaration of Anthony H. Handal, dated September [date], 2007, and submitted in connection with Plaintiff's memorandum of law shall be as follows: ("Handal Decl., Ex. ___" or "Handal Decl., ¶ __").

addresses for any of the remaining defendants, Anne Witteman, Pieter De Vries, Jasper Palstra, Robbie Adams, Lesley Boyle, Charlie Marr and Martin Black or addresses for each of the two bands, both entitled "The Verbs." (Handal Decl., Exs. C, D).

Federal Rules of Civil Procedure Rule 4(f)(3) authorizes service on defendants "by other means not prohibited by international agreement as may be directed by the court." In addition, N.Y. C.P.L.R. § 308(5) expressly provides that "Personal service upon a natural person shall be made . . . in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section." Defendants are infringing on plaintiff's trademark through their MySpace websites.

Service of process by electronic mail has been authorized by this Court before where defendants operate an online business but cannot be reached through conventional methods. *See, e.g., Philip Morris USA Inc. v. Veles Ltd.*, No. 06CV2988 (GBD), 2007 U.S. Dist. LEXIS 19780, at * 2- * 10 (S.D.N.Y. Mar. 13, 2007) (permitting service of process by fax and electronic mail where defendants failed to provide physical contact addresses on their website); *see also D.R.I. Inc. v. Dennis*, No. 03 civ 10026, 2004 U.S. Dist. LEXIS 22541 (S.D.N.Y. June 3, 2004).

Both MySpace websites provide that the band, and thus its members, may be reached by sending an electronic mail through a link provided on the website. (Handal Decl., ¶ 9-10). The websites do not list physical addresses. Since Jay-Vee and ATI have been unable to locate physical addresses for each of the defendants, with the exception of Freek Olgers, in this case service by means of electronic mail through the website MySpace.com is the only known way to serve the defendants and thus is the most likely form of service to provide actual notice to the defendants. (Handal Decl., ¶ 9-11).

## **CONCLUSION**

For all of the foregoing reasons, it is respectfully requested that this Court grant the plaintiff the relief requested herein.

Dated:  New York, New York
        September 18, 2007

                              Brown Rudnick Berlack Israels LLP

                              By:_____
                                  Anthony H. Handal, Esq.
                                  Brown Rudnick Berlack Israels LLP
                                  Seven Times Square
                                  New York, New York 10036
                                  Telephone: 212 209-4800
                                  Facsimile: 212 209-4801

                                  Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

JAY-VEE, INC.,                                   :
                                                 :
      Plaintiff,                          :
                                                 :
      v.                                  :    Docket No.: 07 Civ. 6954 (NRB) (DCF)
                                                 :
ANNE WITTEMAN, FREEK OLGERS,                     :
PIETER DE VRIES, AND                             :
JASPER PALSTRA, doing business as               :
THE VERBS,                                       :
ROBBIE ADAMS, LESLEY BOYLE                       :
CHARLIE MARR AND MARTIN BLACK,                  :
doing business as THE VERBS, and                :
ANNE WITTEMAN, FREEK OLGERS,                     :
PIETER DE VRIES, JASPER PALSTRA,                :
ROBBIE ADAMS, LESLEY BOYLE                       :
CHARLIE MARR and                                 :
MARTIN BLACK, individually,                      :
                                                 :
      Defendants.                         :
-------------------------------------------------------------X

## DECLARATION OF ANTHONY H. HANDAL

      ANTHONY H. HANDAL, an attorney duly licensed and admitted to practice in and

before the Courts of the State of New York and admitted to the bar of this Court, declares the

following to be true pursuant to 28 U.S.C. § 1746:

      1.      I am a partner at the law firm of Brown Rudnick Berlack Israels LLP, attorneys

for Plaintiff Jay-Vee Inc. in the above-captioned action. I am fully familiar with and have

personal knowledge of the facts and circumstances set forth herein.

      2.      I respectfully submit this declaration in support of Plaintiff's motion pursuant to

Federal Rules of Civil Procedure Rule 4(f)(3)for substituted service on defendants Anne

Witteman, Freek Olgers, Pieter De Vries and Jasper Palstra, both individually and doing business

as The Verbs, as well as defendants Robbie Adams, Lelsey Boyle, Charlie Marr and Martin Black, both individually and doing business as The Verbs.

3.      The purpose of this declaration is to, *inter alia*, identify and set forth for the Court the facts and documentary materials which support and, upon which the Plaintiff will rely, in connection with its motion for substituted service.

4.      A complaint was filed in connection with this matter on August 2, 2007. However, Plaintiff has been unable to effect service on any of the named defendants. True and correct copies of the Complaint, Summons, Civil Cover Sheet and Rule 7.1 Statement, file stamped August 2, 2007, are attached hereto as Exhibit A.

5.      I retained the services of American Trademark Investigations, Inc. ("ATI") to investigate the addresses at which the defendants could be served.

6.      Liz Elfeld, President of ATI, searched for addresses, current or otherwise, for defendants Anne Witteman, Freek Olgers, Pieter De Vries, Jasper Palstra, Robbie Adams, Lesley Boyle, Charlie Marr and Martin Black. Ms. Elfeld also searched for addresses for the two bands, both of which operate under the name "The Verbs." Ms. Elfeld provided two reports of her searches, one dated September 4, 2007 and the other dated September 6, 2007. A true and accurate copy of the September 4, 2007 report is attached hereto as Exhibit B and a true and accurate copy of the September 6, 2007 report is attached hereto as Exhibit C.

7.      Ms. Elfeld located the address of defendant Feek Olgers, under whose name the website www.theverbs.nl, the website for the Netherlands version of The Verbs, was registered. Plaintiff will attempt service of the summons and complaint on Feek Olgers at his address at Obrechtstraat 163, 2517VS>S-Gravenhage, Netherlands pursuant to F.R.C.P. Rule 4(f).

8.     Ms. Elfeld provided a final report, dated September 10, 2007, indicating that she was unable to locate the addresses of the remaining defendants, Anne Witteman, Pieter De Vries, Jasper Palstra, Robbie Adams, Lesley Boyle, Charlie Marr and Martin Black.   A true and accurate copy of the September 10, 2007 report is attached hereto as Exhibit D.

9.     Defendants Anne Witteman, Freek Olgers, Pieter De Vries, Jasper Palstra are members of a band, entitled "The Verbs," who operate a MySpace website located at http://www.myspace.com/theverbkeeponswinging.  This website, which indicates that the band is based in the Netherlands, invites viewers to contact the band by electronic mail, a link to which is provided on the website.

10.    Defendants Robbie Adams, Lesley Boyle, Charlie Marr and Martin Black are members of a band, entitled "The Verbs," who operate a MySpace website located at http://www.myspace.com/theverbsfife.  This website, which indicates that the band is based in the United Kingdom, invites viewers to contact the band by electronic mail, a link to which is provided on the website.

11.    Plaintiff believes that sending a copy of the summons and complaint to the electronic mail addresses found at http://www.myspace.com/theverbkeeponswinging  and http://www.myspace.com/theverbsfife, respectively, is a reasonably calculated method which will apprise each of the defendants that this action has been filed against them.

I declare under penalty of perjury that the foregoing is true and accurate.

Executed on September 18, 2007.

_____
ANTHONY H. HANDAL

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JUDGE BUCHWALD**

----------------------------------------------------------------

JAY-VEE, INC.,

    Plaintiff,

       v.

ANNE WITTEMAN, FREEK OLGERS,
PIETER DE VRIES, AND
JASPER PALSTRA, doing business as
THE VERBS,
ROBBIE ADAMS, LESLEY BOYLE
CHARLIE MARR AND MARTIN BLACK,
doing business as THE VERBS, and
ANNE WITTEMAN, FREEK OLGERS,
PIETER DE VRIES, JASPER PALSTRA,
ROBBIE ADAMS, LESLEY BOYLE
CHARLIE MARR and
MARTIN BLACK, individually,

    Defendants.

:

:

:

:

:

:

:

:

:

**07 CIV    6954**
2007 Civ.



----------------------------------------------------------------X

### COMPLAINT FOR TRADEMARK INFRINGEMENT
### AND UNFAIR COMPETITION

    Plaintiff, Jay-Vee, Inc., d.b.a. The Verbs, brings this action against the named Defendants for injunctive relief and damages under the laws of the United States and the State of New York and alleges as its Complaint:

### PARTIES

    1.    Plaintiff Jay-Vee, Inc. (hereinafter "The Verbs") is a corporation duly organized and existing under the laws of the State of New York having a place of business at c/o ML Management 125 West 55th Street, New York, New York 10019.  The Verbs operates under the trademark THE VERBS, providing

1

musical entertainment services in connection with live performances and is in the business of recording performances which are sold as compact discussion regarding musical recordings.

2.     Upon information and belief, Defendants Robbie Adams, Lesley Boyle, Charlie Marr and Martin Black are individuals based in the United Kingdom (The "UK Defendants") and are doing business and/or committing acts of infringement in violation of the trademark rights of plaintiff The Verbs within the State of New York and nationwide. The UK Defendants are doing business as "The Verbs".

3.     Upon information and belief, Defendants, Freek Olgers, Pieter De Vries and Jasper Palstra are individuals based in the Netherlands (The "Netherlands Defendants") and are doing business and committing acts of infringement in violation of the trademark rights of plaintiff The Verbs within the State of New York and nationwide. The Netherlands Defendants are doing business as "The Verbs".

## JURISDICTION

4.     This Court has jurisdiction over this action by virtue of:

(a)     Jurisdiction founded on the existence of a federal question arising under the Lanham Trademark Act.

(b)     The Court has jurisdiction under Sections 43(a) of the Federal Trademark Act of 1946, 15 U.S.C. 1121 and 1125(a), and the Judicial Code, 28 U.S.C. 1331(a), 1332 and 1338(a) in that this case arises under the trademark laws

2

of the United States, 15 U.S.C. 1051 et seq., as hereinafter more fully appears; and the common law.

(c)    The Court has jurisdiction over the common law claims and claims herein arising under the statutes and common law of the State of New York under the provisions of 28 U.S.C. 1338(b) in that said claims are joined with a substantial and related claim under the trademark laws of the United States, 15 U.S.C. 1051 et seq.

(d)    Venue is proper under 28 U.S.C. 1391.

## FACTS COMMON TO ALL COUNTS

5.    Plaintiff conducts a business in which it records and markets musical performances and gives live performances of musical works.  Plaintiff conducts its business under the trade name, trademark and service mark THE VERBS (the"Trademark").

6.    Plaintiff is the owner of rights in the trademark The Verbs as used in association with musical recordings and live musical performances and related goods and services.

7.    The Verbs two principal performers are Steve Jordan and Meagan Voss, who, in addition to recording as "The Verbs," are well-known performers. Mr. Jordan, a Grammy winning producer, who has recently toured with Eric Clapton, has recorded with Bruce Springsteen, and has corroborated with Keith Richards in songwriting, production and performance.  He was also a member of

3

the original Saturday Night Live band and founded the David Letterman band with Paul Schaffer.

8.    Plaintiff The Verbs owns and has used the trademark THE VERBS in connection with sound recordings under the JVC Victor label, and is the assignee of two trademark applications to register that mark in the United States Patent and Trademark Office both for sound recordings and live performances.

9.    Plaintiff's use of the trademark "The Verbs" began at least as early as 2002, and use since the date has been continuous. Plaintiff has expended considerable sums of money in promoting its business under the trademark THE VERBS.

10.    Plaintiff has caused the release of a first album under the JVC label and is a second CD release.

11.    By virtue of years of continuous and exclusive use together with Plaintiff's expenditures on advertising and promotion, Plaintiff's The Verbs mark has come to symbolize extensive goodwill identifying Plaintiff.

12.    Upon Plaintiff becoming aware that individual Defendants were performing or purporting to perform as a musical group under the infringing The Verbs trademark, Plaintiff sent a cease and desist letter to the individual Defendants advising of Plaintiff's rights in the mark The Verbs and demanding that Defendants cease all use of the infringing designation The Verbs.

13.     The individual Defendants continue to infringe upon the mark The Verbs which use is confusingly similar and identical to Plaintiff's trademark usage.

14.     Upon information and belief, the UK Defendants and the Netherlands Defendants (hereinafter referred to jointly as the "Individual Defendants") have maliciously, willfully, intentionally, and with conscious disregard for the consequences, engaged in advertising, marketing and sales of performance services and recordings under the infringing designation "The Verbs".

15.     Plaintiff, prior to the acts complained of herein, has been and is now engaged in interstate commerce by virtue of ongoing sales of recordings and performances under the trademark THE VERBS.

16.     Plaintiff's compact disc recordings, sold under the trademark THE VERBS have been sold and continue to be sold throughout the United States and internationally.  Plaintiff derives substantial benefits from selling its recordings and from live performances under Plaintiff's exclusive Trademark.

17.     Plaintiff has used and continues to use its distinctive Trademark and, by virtue of widespread sales, the Trademark has come to indicate origin with Plaintiff.  Plaintiff, by virtue of said use, and through Plaintiff's business, has obtained a reputation of the highest quality.

18.     Plaintiff has incurred substantial expense and has devoted substantial resources to make THE VERBS compact disc recordings and live entertainment services recognizable to consumers.

19.     Upon information and belief, after Plaintiff's adoption and use of the Trademark, and without any authorization, the Individual Defendants, with actual and constructive knowledge of Plaintiff's use of the Trademark and in contravention of Plaintiff's trademark rights, adopted and used Plaintiff's distinctive mark on the Individual Defendants' services and on the Individual Defendants' products. The Individual Defendants are offering, and/or, upon information and belief, have distributed and/or continue to distribute in interstate commerce and in New York State goods and/or services to the public under the infringing trademark, for the Individual Defendants' own commercial advantage.

20.     Defendants have used and continue to use the infringing trademark in direct competition with Plaintiff. Defendants have used and continue to infringe upon the Trademark in connection with sales, offering for sale and/or distribution, advertising and promotion of goods bearing marks identical and/or substantially similar to Plaintiff's, in a manner that is likely to cause confusion or mistake or to deceive purchasers as to the source of origin of such services and goods.

21.     Defendants have deliberately misled and will continue to mislead consumers, and prospective consumers, as well as the public at large, to believe, contrary to fact, that Defendants' services/goods are marketed, sponsored or

endorsed by, or affiliated with Plaintiff. Defendants are unfairly competing with Plaintiff by trading on and disparaging Plaintiff's goodwill symbolized by its Trademark.

22.     Defendants' acts are a false description and representation that said services/goods are made by, sponsored by and/or affiliated with Plaintiff. Said acts are in violation of the unfair competition law in that Defendants have used, in connection with services/goods, a false designation of origin and a false description and representation, including words, reproductions and other symbols tending to falsely describe or represent the same and have caused such services/goods to enter into interstate commerce.

23.     As a direct and proximate result of these acts of unfair competition, trademark infringement and false designation of origin, Plaintiff has sustained and will continue to sustain irreparable damage and injury to its business, goodwill, reputation and profits, in an amount not presently known. Plaintiff is entitled to judgment for Defendants' profits and any damages sustained by Plaintiff in consequence of the deliberate nature of the infringement by Defendants in an amount equaling three times said damages.

24.     By reason of the acts of Defendants herein alleged, Plaintiff has been damaged and, unless restrained, Defendants have and will continue to deceive the public, impair the value of Plaintiff's services and otherwise will cause Plaintiff immediate and irreparable harm.

7

## COUNT FOUR – FEDERAL UNFAIR COMPETITION

25.    As a cause of action and ground for relief, Plaintiff alleges and incorporates by reference paragraphs 1 through 24 of this Complaint as a part of this Count.

26.    Without Plaintiff's consent, Defendants willfully misappropriated Plaintiff's Trademark and have displayed and continue to display and otherwise use said Trademark in connection with Defendants' businesses.

27.    In so doing, Defendants are deceiving the public and deliberately capitalizing on the goodwill and reputation of Plaintiff.

28.    The aforesaid acts of Defendants constitute dilution, unfair competition and passing off, and are likely to cause the trade and the public to erroneously believe that the Individual Defendants' products and services are manufactured and/or guaranteed by Plaintiff, or otherwise associate with Plaintiff. Said acts are in violation of 15 U.S.C. 1125 (a) in that Defendants have used, in connection with goods and services, a false designation of origin and a false description and representation, including words, reproductions and other symbols tending falsely to describe or represent the same and have caused such goods/services to enter into interstate commerce.

29.    Such acts have injured and continue to injure Plaintiff's business reputation and dilute or otherwise injure or destroy the distinctive character of Plaintiff's Trademark and the quality of Plaintiff's reputation associated with its

Trademark, all to Plaintiff's substantial and irreparable harm. As a result, Plaintiff is entitled to relief from this court under 15 U.S.C. 1126(h) and (i).

30.    As a result of Defendants' willful, fraudulent and malicious acts, Plaintiff has suffered damage and Defendants have been unjustly enriched in an amount which is uncertain at present. Plaintiff is entitled to judgment for Defendants' profits and any damages sustained by Plaintiff in consequence of the infringement by Defendants in an amount equaling three times said damages.

31.    By reason of the acts of Defendants alleged herein, Plaintiff has been damaged and, unless restrained, Defendants have and will continue to confuse and deceive the public, impair the value of Plaintiff's Trademark and otherwise cause Plaintiff immediate and irreparable harm.

32.    Defendants are liable to Plaintiff, jointly and severally, for violation of 15 U.S.C. 1125(a).

**COUNT TWO – DILUTION UNDER 15 U.S.C. §1125**

33.    As a cause of action and ground for relief, Plaintiff alleges and incorporates by reference paragraphs 1 through 32 of this Complaint as a part of this Count.

34.    Defendants have created a likelihood of injury to the business reputation and has diluted the distinctive quality of the Trademark, and thus dilutes Plaintiff's rights to exclusive use of the Trademark.

9

35.     The foregoing acts of Defendants by diluting the distinctive quality of Plaintiff's use of the Trademark, have destroyed and will continue to destroy Plaintiff's goodwill and reputation, thereby causing Plaintiff irreparable harm.

36.     As a result of the foregoing acts, Plaintiff has suffered substantial damages and Defendants have acquired substantial profits at Plaintiff's expense.

37.     Defendants' acts of dilution will continue unless enjoined by this Court.

38.     Defendants are liable to Plaintiff, jointly and severally, for dilution in violation of 15 U.S.C. 1125(c).

## COUNT THREE – STATE UNFAIR COMPETITION

39.     As a cause of action and ground for relief, Plaintiff alleges and incorporates by reference paragraphs 1 through 38 of this Complaint as a part of this Count.

40.     Defendants are liable to Plaintiff, jointly and severally, for unfair competition under the common law and the statutes of the State of New York relating to unfair competition, passing off, dilution and trademark infringement.

## PRAYER FOR RELIEF FOR ALL COUNTS

WHEREFORE, Plaintiff prays:

1.     For a preliminary and final injunction restraining Defendants, their agents, servants, employees, successors, assigns and those in privity and/or concert

10

with them or any of them from using Plaintiff's Trademark or any other designations closely similar thereto;

2.     For an order requiring Defendants to recall from its distributors, wholesalers, retailers and customers any product, Internet advertising, website, advertisement, promotional literature or other materials bearing any reproduction, counterfeit, copy or colorable imitation thereof.

3.     Defendants be required to account to Plaintiff for any and all profits derived by Defendants from the sale of its goods and for all damages sustained by Plaintiff by reason of said acts of trademark infringement and unfair competition complained of herein.

4.     For a judgment according to the circumstances of the case, for such sum above the amount found in actual damages, but not to exceed three times such amount as the Court may deem just.

5.     For an order requiring that all products, documents, materials, labels, signs, products, packages, wrappings, receptacles and advertisements in Defendants' possession or control bearing the trademark, or any derivatives thereof, or any reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same shall be delivered up and destroyed.

6.     This Court grant and enter a judgment that the above referenced trademark rights are good and valid at law and owned by Plaintiff and infringed by Defendants and that Defendants and all persons acting in concert with them or any

of them be enjoined from performing under the infringing designation and from all
use of plaintiff's trademark THE VERBS and from making and using and
otherwise infringing upon the trademark of Plaintiff in connection with compact
disc recordings and other products.

7.   Reasonable attorney's fees.

8.   Costs of suit and such other relief as may be just.

Respectfully submitted,

JAY-VEE, INC.

Dated:  July 26, 2007                    By:  _____
Anthony H. Handal, Esq.
Brown Rudnick Berlack Israels LLP
Seven Times Square
New York, New York 10036
Telephone: 212 209-4800

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Jay-Vee, Inc.

hereby demands a jury trial of any issues in this action so triable.

Brown Rudnick Berlack Israels LLP

Dated:  July 26, 2007          By: _____
                                   Anthony H. Handal, Esq.
                                   Brown Rudnick Berlack Israels LLP
                                   Seven Times Square
                                   New York, New York 10036
                                   Telephone: 212 209-4800

# 8161992 v1 - HANDALAH - 025725/0003

13

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Southern | District of | New York |

SEE ATTACHMENT A FOR FULL CAPTION

## SUMMONS IN A CIVIL ACTION

V.

CASE NUMBER:

## 07 CIV 6954

## JUDGE BUCHWALD

TO: (Name and address of Defendant)

(SEE ATTACHMENT B for Names; Addresses are presently Unknown)

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

ANTHONY HANDAL, ESQ.
BROWN RUDNICK BERLACK ISRAELS LLP
7 TIMES SQUARE
NEW YORK, NEW YORK 10036

an answer to the complaint which is served on you with this summons, within _____ TWENTY _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

AUG 0 2 2007

CLERK

(By) DEPUTY CLERK

DATE

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

  Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

  I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
  Date        *Signature of Server*

  _____
  *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAY-VEE, INC.,
                                                        :

      Plaintiff,
                                                        :

          v.
                                                        :

ANNE WITTEMAN, FREEK OLGERS,
PIETER DE VRIES, AND                                    :
JASPER PALSTRA, doing business as
THE VERBS,                                              :
ROBBIE ADAMS, LESLEY BOYLE
CHARLIE MARR AND MARTIN BLACK,                          :
doing business as THE VERBS, and
ANNE WITTEMAN, FREEK OLGERS,                            :
PIETER DE VRIES, JASPER PALSTRA,
ROBBIE ADAMS, LESLEY BOYLE                              :
CHARLIE MARR and
MARTIN BLACK, individually,                             :

      Defendants.                              :
------------------------------------------------------------X

## ATTACHMENT B

1.    ANNE WITTEMAN, FREEK OLGERS, PIETER DE VRIES, AND JASPER PALSTRA, doing business as THE VERBS,

2.    ROBBIE ADAMS, LESLEY BOYLE, CHARLIE MARR AND MARTIN BLACK, doing business as THE VERBS

3.    ANNE WITTEMAN

4.    FREEK OLGERS

5.    PIETER DE VRIES

6.    JASPER PALSTRA

7.    ROBBIE ADAMS

8.    LESLEY BOYLE

9.    CHARLIE MARR

10.    MARTIN BLACK

JUDGE BUCHWALD          07 CIV 6954

JS-44C/SDNY
REV. 12/2005

**CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

PLAINTIFFS   JAY-VEE, INC.

DEFENDANTS   SEE ATTACHMENT A.

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER
ANTHONY HANDAL, ESQ.
BROWN RUDNICK BERLACK ISRAELS LLP
7 TIMES SQUARE, NEW YORK, NY 10036, (212) 209-4942

ATTORNEYS (IF KNOWN)

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

TRADE INFRINGEMENT

AUG 02 2007

U.S.D.C. S.D.N.Y.
CASHIERS

Has this or a similar case been previously filed in SDNY at any time? No [x]   Yes? [ ]   Judge Previously Assigned _____

If yes, was this case  Vol [ ]   Invol. [ ]   Dismissed,  No [ ]  Yes [ ]   If yes, give date _____

(PLACE AN [x] IN ONE BOX ONLY)          **NATURE OF SUIT**

ACTIONS UNDER STATUTES

**TORTS**

**CONTRACT**

[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY
[ ] 196 FRANCHISE

**PERSONAL INJURY**

[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**

[ ] 362 PERSONAL INJURY - MED MALPRACTICE
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**

[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**FORFEITURE/PENALTY**

[ ] 610 AGRICULTURE
[ ] 620 FOOD & DRUG
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 RR & TRUCK
[ ] 650 AIRLINE REGS
[ ] 660 OCCUPATIONAL SAFETY/HEALTH
[ ] 690 OTHER

**LABOR**

[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT

**BANKRUPTCY**

[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**

[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[x] 840 TRADEMARK

**SOCIAL SECURITY**

[ ] 861 MIA (1395FF)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC (405(g))
[ ] 863 DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**

[ ] 870 TAXES
[ ] 871 IRS-THIRD PARTY 26 USC 7609

**OTHER STATUTES**

[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE/ICC RATES/ETC
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
[ ] 875 CUSTOMER CHALLENGE 12 USC 3410
[ ] 891 AGRICULTURE ACTS
[ ] 892 ECONOMIC STABILIZATION ACT
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 894 ENERGY ALLOCATION ACT
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES
[ ] 890 OTHER STATUTORY ACTIONS

**ACTIONS UNDER STATUTES**

**REAL PROPERTY**

[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

**CIVIL RIGHTS**

[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING ACCOMMODATIONS
[ ] 444 WELFARE
[ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446 AMERICANS WITH DISABILITIES -OTHER
[ ] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**

[ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION

_Check if demanded in complaint:_

CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

DEMAND $_____    OTHER  INJ    JUDGE _____    DOCKET NUMBER_____

_Check YES only if demanded in complaint_
JURY DEMAND:  [ ] YES  [x] NO          NOTE:  Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

*(PLACE AN  x  IN ONE BOX ONLY)* **ORIGIN**

| ☒ 1 Original Proceeding | ☐ 2a. Removed from State Court<br>☐ 2b. Removed from State Court<br>AND at least one party is a pro se litigant | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from (Specify District) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judge Judgment |

*(PLACE AN  x  IN ONE BOX ONLY)* **BASIS OF JURISDICTION**     **IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1332, 1441)**

☐ 1 U.S. PLAINTIFF     ☐ 2 U.S. DEFENDANT     ☒ 3 FEDERAL QUESTION (U.S. NOT A PARTY)     ☐ 4 DIVERSITY

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF DEF | | PTF DEF | | PTF DEF |
|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [x]1  [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3  [x]3 | INCORPORATED <u>and</u> PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5  [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2  [ ]2 | INCORPORATED <u>or</u> PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4  [ ]4 | FOREIGN NATION | [ ]6  [ ]6 |

**PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)**

JAY-VEE, INC.
c/o ML MANAGEMENT
125 WEST 55TH STREET
NEW YORK, NEW YORK 10019

NEW YORK COUNTY

**DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)**

**DEFENDANT(S) ADDRESS UNKNOWN**
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

SEE ATTACHMENT B.

Check one:     **THIS ACTION SHOULD BE ASSIGNED TO:**     ☐ **WHITE PLAINS**     ☒ **FOLEY SQUARE**
(DO NOT check either box if this a PRISONER PETITION.)

| DATE 8/1/2007 RECEIPT # | SIGNATURE OF ATTORNEY OF RECORD | ADMITTED TO PRACTICE IN THIS DISTRICT [ ] NO [x] YES (DATE ADMITTED Mo. JAN    Yr. 1975 ) Attorney Bar Code # |

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

## ATTACHMENT A

(List of Defendants)

1.    ANNE WITTEMAN, FREEK OLGERS, PIETER DE VRIES, AND JASPER PALSTRA, doing business as THE VERBS,

2.    ROBBIE ADAMS, LESLEY BOYLE, CHARLIE MARR AND MARTIN BLACK, doing business as THE VERBS

3.    ANNE WITTEMAN

4.    FREEK OLGERS

5.    PIETER DE VRIES

6.    JASPER PALSTRA

7.    ROBBIE ADAMS

8.    LESLEY BOYLE

9.    CHARLIE MARR

10.    MARTIN BLACK

# ATTACHMENT B

## (Defendant(s) Addresses(es) and County(ies))

1.   ANNE WITTEMAN, FREEK OLGERS, PIETER DE VRIES, AND
     JASPER PALSTRA, doing business as THE VERBS - **UNKNOWN**

2.   ROBBIE ADAMS, LESLEY BOYLE, CHARLIE MARR AND MARTIN
     BLACK, doing business as THE VERBS - **UNKNOWN**

3.   ANNE WITTEMAN - **UNKNOWN**

4.   FREEK OLGERS - **UNKNOWN**

5.   PIETER DE VRIES - **UNKNOWN**

6.   JASPER PALSTRA - **UNKNOWN**

7.   ROBBIE ADAMS - **UNKNOWN**

8.   LESLEY BOYLE - **UNKNOWN**

9.   CHARLIE MARR - **UNKNOWN**

10.  MARTIN BLACK - **UNKNOWN**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

**JUDGE BUCHWALD**

JAY-VEE, INC.,

     Plaintiff,

v.

ANNE WITTEMAN, FREEK OLGERS,
PIETER DE VRIES, AND
JASPER PALSTRA, doing business as
THE VERBS,
ROBBIE ADAMS, LESLEY BOYLE
CHARLIE MARR AND MARTIN BLACK,
doing business as THE VERBS, and
ANNE WITTEMAN, FREEK OLGERS,
PIETER DE VRIES, JASPER PALSTRA,
ROBBIE ADAMS, LESLEY BOYLE,
CHARLIE MARR and
MARTIN BLACK, individually,

     Defendants.

------------------------------------------------------------ x

**07 CIV   6954**

Civil Action No. _____

**Rule 7.1 Statement**



   Pursuant to Federal Rule of Civil Procedure 7.1 [formerly Local General
Rule 1.9] and to enable District Judges and Magistrate Judges of the Court to evaluate
possible disqualification or recusal, the undersigned counsel for Jay-Vee, Inc. (a private
non-governmental party) certifies that the following are corporate parents, affiliates
and/or subsidiaries of said party, which are publicly held.

NONE

Date: August 1, 2007

           _____

            Anthony H. Handal (AH-04)

# EXHIBIT B

# American Trademark Investigations, Inc.

September 4, 2007

Anthony H. Handal, Esq.
Brown Rudnick Berlack Israels LLP
Seven Times Square, 47th Floor
New York, NY 10036

File No. 0708VERBS
Re: The Verbs
Your Reference No.: 025725/0003

Dear Anthony:

Pursuant to your request to identify a physical address for the band - The Verbs - as depicted on www.myspace.com, we submit the following report:

Preliminary Internet searches at dogpile.com; copernic.com; google.com and yahoo.com for the band members: Anne Witteman; Freek Olgers; Pieter De Vries; Jasper Palstra; Robbie Adams; Lesley Boyle; Charlie Marr; and Martin Black met with negative results for any viable contact.

A people locator search at Zoom Info proved negative. (Note: Our in-house data bases only cover the U.S.).

The myspace pages provided to our office by your firm identifies web site, www.theverbs.nl.

A WhoIs database search for TheVerbs.nl lists Registrant: Freek Olgers at Obrechtstraat 163, 2517VS >S-Gravenhage, Netherlands.

The website www.theverbs.nl is not viable and we were unable to locate any archived pages from the site.

A search for additional domain registrations wherein Freek Olgers is listed as registrant provided the following:

Tuned-in-.nl. This site is not viable. Lists same address as TheVerbs.nl at Obrechtstraat 163, 2517VS >S-Gravenhage, Netherlands.

Onlineworkspace.net. This site forwards to www.fcodesign.com which is a web listing company. The domain onlineworkspace.net lists registrant as Freek Olgers at same address. E-Mail: freek@fcodesign.com. Telephone Number: 31-645-144-745. On September 4, 2007 we telephoned said number and received a recording in Dutch.

---

# American Trademark Investigations, Inc.

Olgers.com lists Freek Olgers as registrant at same address and telephone number. This site forwards to www.picasaweb.google.com wherein photographs of Freek Olgers are depicted.

A search within an on-line Netherlands telephone directory proved negative; unable to confirm address. Possibly a non-published number.

Netherlands directory assistance proved negative for a listing for Freek Olgers at Obrechtstraat 163, 2517VS >S-Gravenhage, Netherlands.

We located an earlier cache reference to another band - Tuned In - at www.myspace.com wherein listed under band members are Anne Witteman; Jasper Palstra; and Pieter de Vries.

We located a cache reference at www.snuffelcorner.nl wherein reference is made Jasper Palstra.

On September 4, 2007 we telephoned Freek Olgers at 31-645-144-745 and spoke with him. We confirmed his current address at Obrechtstraat 163, 2517VS >S-Gravenhage, Netherlands.

We await your further instructions.

Sincerely,

Elizabeth Elfeld

EE:llc
brownrudnick.verbs

# EXHIBIT C

# American Trademark Investigations, Inc.

September 6, 2007

Anthony H. Handal, Esq.
Brown Rudnick Berlack Israels LLP
Seven Times Square, 47th Floor
New York, NY 10036

File No. 0708VERBS
Re: The Verbs / UK
Your Reference No.: 025725/0003

Dear Anthony:

Pursuant to your request to identify a physical address for the band - The Verbs - located in the U.K., as depicted on www.myspace.com, we submit the following report:

Extensive Internet searches at dogpile.com; copernic.com; google.com and yahoo.com for the band members: Robbie Adams (drums); Lesley Boyle (guitar/vocal); Charlie Marr (vocals); and Martin Black (guitar) met with negative results for any viable contact.

A U.K. on-line directory proved negative for any listing for The Verbs in both the U.K. and Fife, Scotland.

A search within a people locator at www.pipl.com proved negative.

A search within the Party Sounds UK Bands database proved negative.

A U.K. on-line telephone directory for all band members was not conclusive - too many records.

On September 5, 2007 an E-mail was directed to the band via My Space. We are awaiting a reply.

Sincerely,

Elizabeth Elfeld

EE:llc
brownrudnick.verbs.uk

450 Shore Road
Suite 4-L
Long Beach, New York 11561
(516) 431-8644
Fax: (516) 431-8658

# EXHIBIT D

# American Trademark Investigations, Inc.

September 10, 2007

Anthony H. Handal, Esq.                          File No. 0708VERBS
Brown Rudnick Berlack Israels LLP                Re: The Verbs / UK
Seven Times Square, 47th Floor        Your Reference No.: 025725/0003
. New York, NY 10036

Dear Anthony:

Pursuant to your request to identify a physical address for the band - The Verbs - located in the U.K., as depicted on www.myspace.com, we submit the following report:

Extensive Internet searches at dogpile.com; copernic.com; google.com and yahoo.com for the band members: Robbie Adams (drums); Lesley Boyle (guitar/vocal); Charlie Marr (vocals); and Martin Black (guitar) met with negative results for any viable contact.

A U.K. on-line directory proved negative for any listing for The Verbs in both the U.K. and Fife, Scotland.

A search within a people locator at www.pipl.com proved negative.

A search within the Party Sounds UK Bands database proved negative.

A U.K. on-line telephone directory for all band members was not conclusive - too many records.

A search within Jam Base at www.jambase.com for all band members proved negative.

A search for The Verbs at www.tinymixtapes.com proved negative.

A Profound database ( compilation of newspaper and magazine articles) search proved negative for any articles relating to said subjects.

On September 5, 2007 an E-mail was directed to the band via My Space.

---

## American Trademark Investigations, Inc.

Inasmuch as a reply was not received, we again forwarded an E-mail on September 10, 2007.

To date, we have not received a response.

We have exhausted all avenues of investigation.

We await your further instructions.

Sincerely,

Elizabeth Elfeld

EE:llc
brownrudnick.verbs.uk

---

450 Shore Road
Suite 4-L
Long Beach, New York  11561
(516) 431-8644
Fax:  (516) 431-8658