UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAY-VEE, INC.,

    Plaintiff,

    v.                                                      Docket No.: 07 Civ. 6954 (NRB) (DCF)

ANNE WITTEMAN, FREEK OLGERS,
PIETER DE VRIES, AND
JASPER PALSTRA, doing business as
THE VERBS,
ROBBIE ADAMS, LESLEY BOYLE
CHARLIE MARR AND MARTIN BLACK,
doing business as THE VERBS, and
ANNE WITTEMAN, FREEK OLGERS,
PIETER DE VRIES, JASPER PALSTRA,
ROBBIE ADAMS, LESLEY BOYLE
CHARLIE MARR and
MARTIN BLACK, individually,

    Defendants.
------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
OF THE MOTION FOR RECONSIDERATION**

Plaintiff Jay-Vee, Inc. ("Jay-Vee") moves this Court for (a) an order granting reconsideration of its September 21, 2007 Order (Handal Decl., Ex. A) denying Plaintiff's motion for substituted service and (b) modifying its Order to (i) permit substituted service pursuant to Federal Rules of Civil Procedure 4(f)(3) on defendants Anne Witteman, Pieter De Vries, and Jasper Palstra, both individually and in their capacity doing business as The Verbs, by means of electronic mail at the address provided on The Verbs' MySpace website, http://www.myspace.com/theverbkeeponswinging; and (ii) permitting it to serve the summons and complaint on defendants Robbie Adams, Lesley Boyle, Charlie Marr and Martin Black, both individually and in their capacity doing business as The Verbs, by means of electronic mail at the address provided on The Verbs' MySpace website, http://www.myspace.com/theverbsfife.

Plaintiff filed its initial motion for substituted service on or about September 18, 2007. (Handal Decl., Ex. B).[1] The private investigation company retained by plaintiff, American Trademark Investigations, Inc. ("ATI") has conducted exhaustive searches for the defendants for service of process purposes, but was only able to locate the address for one of the defendants, Freek Olgers. A copy of the reports provided by ATI was attached to the Declaration of Anthony H. Handal, dated September 18, 2007, as exhibits B, C and D. (Handal Decl., Ex. B). The addresses for the remaining defendants, Anne Witteman, Pieter De Vries, Jasper Palstra, Robbie Adams, Lesley Boyle, Charlie Marr and Martin Black or addresses for each of the two bands, both entitled "The Verbs" cannot be located.

Federal Rules of Civil Procedure Rule 4(f)(3) authorizes service on defendants "by other means not prohibited by international agreement as may be directed by the court." In addition, N.Y. C.P.L.R. § 308(5) expressly provides that "Personal service upon a natural person shall be

---

[1] References to (i) the Declaration of Anthony H. Handal, dated November 2, 2007 shall be ("Handal Decl., Ex. B") and (ii) the Declaration of Elizabeth Elfeld, dated October 31, 2007.

made . . . in such manner as the court, upon motion without notice, directs...." Service of process by electronic mail has been authorized by this Court where defendants operate an online business but cannot be reached through conventional methods. *See, e.g., Philip Morris USA Inc. v. Veles Ltd.*, No. 06CV2988 (GBD), 2007 U.S. Dist. LEXIS 19780, at * 2- * 10 (S.D.N.Y. Mar. 13, 2007) (permitting service of process by fax and electronic mail where defendants failed to provide physical contact addresses on their website); *see also D.R.I. Inc. v. Dennis*, No. 03 civ 10026, 2004 U.S. Dist. LEXIS 22541 (S.D.N.Y. June 3, 2004).

The defendants are acting with impunity and infringing the rights of the plaintiff through the use of the trademark THE VERBS in connection with the furnishing of musical entertainment services. The two MySpace websites set up by the defendants are the channel through which the defendants conduct their business. The sole mechanism for contacting the defendants is through a link provided on this website. The defendants do not provide any additional contact information, such as a phone number or address. Because defendants use these websites to conduct business activities, service by means of electronic mail through the websites found on MySpace.com is reasonably calculated to provide actual notice to the defendants.

Since the Court's September 21, 2006 Order denying Plaintiff's motion, ATI has continued to conduct additional database searches and made several efforts to contact the defendants directly, but is still unable to locate the defendants. Ms. Elfeld conducted internet searches at dogpile.com; copernic.com; google.com and yahoo.com for defendants Anne Witteman, Freek Olgers, Pieter De Vries, Jasper Palstra, Robbie Adams, Lesley Boyle, Charlie Marr and Martin Black, but met with negative results for any viable contact. (Elfeld Decl., at ¶ 2). Ms. Elfeld also searched the following databases for the defendants, none of which provided

any addresses or other contact information: Zoom Info, www.pipl.com, a Party Sounds UK Bands database, Jam Base at www.jambase.com, www.tinymixtapes.com and a Profound database (compilation of newspaper and magazine articles). (Elfeld Decl., at ¶ 3). Ms. Elfeld was able to locate Freek Olgers, a member of the Netherlands "The Verbs," and confirmed his address as: Obrechstraat 163, 2517VS>S-Gravenhage, Netherlands. (Elfeld Decl., at ¶¶ 4-6).

Mr. Olgers is being served by the usual means and is not involved with this motion

Ms. Elfeld has also contacted the bands through the electronic mail addresses found on their websites, but the defendants have refused to respond. (Elfeld Decl., at ¶ 7). ATI has exhausted all avenues available to find either residential or commercial addresses for the defendants. (Elfeld Decl., at ¶ 8).

Defendants are irresponsibly not responding to repeated attempts to contact them by electronic mail. Nevertheless, they continue with their infringing activities. Defendant's reckless or deliberate refusal to respond to inquiries should not shield them from their acts of infringement.

Moreover, defendants have set up this electronic mail account as their only channel of communication for their business. Accordingly, they have authorized communication over that channel and the same should fairly be ordered as appropriate for service, given that there are no other means of contacting these individuals. Plaintiffs are unable to pursue their claims for trademark infringement absent permission from this Court to use these alternative means of service.

Plaintiff is attempting to serve a complaint and summons on Freek Olgers pursuant to the guidelines specified in the Hague Convention on Service Abroad. However, because Plaintiff is unable to locate the remaining defendants, Plaintiff is unable to attempt service of process

through such traditional means on the remaining defendants. This Court, however, has discretion to permit the use of alternative means of service without requiring plaintiff to first attempt to use traditional means. *See, e.g., Forum Fin. Group v. President & Fellows of Harvard Coll.*, 199 F.R.D. 22, 23025 (D. Me. 2001) (court could permit service pursuant to Fed. R. Civ. P. 4(f)(3) without a showing that attempts under Fed. R. Civ. P. 4(f)(1) (service by the Hague Convention) or (2) (service in the absence of a convention) were unsuccessful); *Williams v. Advertising Sex LLC*, 231 F.R.D. 483, 485-487 (N.D. W. Va. 2005) (finding that there is no requirement that parties attempt to use the first or second sections of Fed. R. Civ. P. 4(f) before being permitted by the court to use third subsection).

Because defendants are conducting their business through these websites and provide these electronic mail addresses as the sole means of communication, service by such means is entirely appropriate. In addition, Plaintiff believes that sending a copy of the summons and complaint to the electronic mail addresses found at http://www.myspace.com/theverbkeeponswinging and http://www.myspace.com/theverbsfife, respectively, is a reasonably calculated method which will apprise each of the remaining defendants that this action has been filed against them.

## CONCLUSION

For all of the foregoing reasons, it is respectfully requested that this Court grant the plaintiff the relief requested herein.

Dated: New York, New York
      November 2, 2007

                              Brown Rudnick Berlack Israels LLP

By: _____
      Anthony H. Handal, Esq.
      Brown Rudnick Berlack Israels LLP
      Seven Times Square
      New York, New York 10036
      Telephone: 212 209-4800
      Facsimile: 212 209-4801

      Attorneys for Plaintiff